**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| REBECCA JEANETTE EDWARDS, as personal representative of the Estate of William David Blackmon, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:17-cv-587-WKW-DAB |
| DEERE & COMPANY, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**REPORT and RECOMMENDATION**

This matter is before the Court on the Motion to Dismiss filed by Defendant Tonya Money (n/k/a Tonya Adams) while the case was still pending in state court. (Doc. 3-1). There is also pending a motion to remand the case to state court. (Doc. 10). Because removal is predicated on complete diversity, the motion to remand is governed by the motion to dismiss: If Money is a proper defendant, then diversity is lacking, and the case must be remanded. If she is not and her joinder was "frivolous" in the sense that no plausible cause of action exists against her, then her citizenship is to be disregarded for purposes of removal. A hearing on the motions was conducted October 25, 2017. For the reasons that follow, it is recommended that the Motion to Dismiss (Doc. 3-1) be **granted** and the Motion to Remand (Doc. 10) be **denied**.

The following statement of the case is taken, for present purposes, from Plaintiff's filings. *See* (Docs. 1-1, 10). This case arises out of an accident which occurred on August 1, 2015, in Dale County, Alabama, when Plaintiff's decedent, William David Blackmon, was run over and killed by a John Deere tractor. The design of the John Deere model 4440 tractors, as sold by Defendant John Deere, included a neutral safety switch to prevent the tractor from starting with the key switch

1

while the tractor is in gear to prevent unintended and sudden movement of the tractor to prevent injury or death. These neutral safety switches are prone to failure. In the event of a neutral safety switch failure the tractor may be allowed to start in gear. Failure may also result in the operator being unable to start the tractor from the key switch even with the transmission in park or neutral. Should this occur the only way to start the tractor is to "by-pass" start the tractor by touching a metal object across the terminals on the starter solenoid. To access the starter solenoid the operator stands on the ground in front of the tire. When by-pass starting, the tractor will start regardless of the position of the transmission controls.

The John Deere model 4440 has a hydraulic clutch which requires hydraulic pressure to build before engine power is transmitted to the rear wheels. There is a delay between the cranking of the tractor engine and the build-up of enough pressure to create movement of the tractor. As a result, if a John Deere model 4440 is by-pass started while the transmission is inadvertently in gear, the tractor will act as if it is actually in neutral while starting and the operator will not receive any indication that the tractor is about to suddenly begin moving.

Prior to August 1, 2015, Plaintiff's decedent, William David Blackmon, contracted with Peoplesouth Bank to repossess the subject John Deere model 4440 Tractor. On August 1, 2015, Plaintiff's decedent was by-pass starting the subject John Deere model 4440 tractor after it had been previously repossessed from Defendant Tonya Money. Blackmon was run over by the subject tractor, and later died as a result of his injuries. Following the accident causing the death of William David Blackmon, the neutral safety switch was replaced.

For jurisdictional purposes, the Plaintiff is a resident citizen of Alabama. (Doc. 1-1, ¶ 1). Defendant John Deere is a citizen of Delaware with its principle place of business in Illinois. (Doc. 1, ¶ 13). Defendant Tonya Money is a citizen of Alabama. (Doc. 1-1, ¶ 3). The Plaintiff initiated

this action in the Circuit Court of Dale County, Alabama, because with Ms. Money in the case there was not complete diversity to support jurisdiction in this Court under 28 U.S.C. §1332. On August 31, 2017, Defendant John Deere removed this action pursuant to 28 U.S.C. §§ 1332, 1441, arguing in its Notice of Removal that Defendant Tonya Money was fraudulently joined and that the amount in controversy exceeds $75,000. (Doc. 1, ¶¶ 9–11). To support fraudulent joinder, John Deere argues that there is no possibility that the Plaintiff can prove a cause of action against Defendant Tonya Money. *Id.*, ¶ 15.

From the pleadings and concessions made at the hearing, it is plain that Plaintiff is unable to allege any basis for Money's potential liability other than her titled ownership of the tractor. There are no factual allegations, as opposed to unsupported speculation, that she had any involvement in the business associated with the tractor or its use or repair. Alabama law simply does not impose any duty on an owner (as distinguished from, for example, a seller or operator of goods) of personal property to maintain that property in a safe condition. *See* (Doc. 1 at 6–18). Hence, as a mere owner (which is all Plaintiff is able to assert), Money can have no liability based on the condition of the tractor. She was improperly joined, and her citizenship should be disregarded in determining the removability of the case and this Court's jurisdiction.

Accordingly, it is recommended that the Motion to Dismiss (Doc. 3-1) be **GRANTED** and the Motion to Remand (Doc. 10) be **DENIED.**

It is **ORDERED** that the parties shall file any objections to this Recommendation on or before December 13, 2017. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.,* 667 F.2d 33 (11th Cir. 1982).

**Respectfully recommended,** this 29th day of November, 2017.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE